AUSTIN R. GIBBONS, ESQ. SBN 034619
SEAN C. CONLEY, ESQ. SBN 130814
GIBBONS & CONLEY
1333 North California Boulevard, Suite 110
Walnut Creek, CA 94596
Telephone: (925) 932-3600 Fax: (925) 932-1623

Attorneys for Defendants City of Manteca, David Bricker and (FNU) Aguilar

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WHITNEY DUENEZ, individually, and as successor-in-interest for Decedent ERNESTO DUENEZ, JR.; D.D., a minor, by and through his guardian ad litem, WHITNEY DUENEZ; ROSEMARY DUENEZ, individually; and ERNESTO DUENEZ, Sr., individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MANTECA, a municipal corporation; DAVID BRICKER, in his capacity as Chief of Police for THE CITY OF MANTECA; (FNU) AGUILAR, individually and in his official capacity as a police officer for the CITY OF MANTECA; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 2:11-CV-01820-LKK-KJN<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT.**<br><br>Date: October 11, 2011<br>Time: 10:00 A.M.<br>Location: Courtroom 4<br>Judge: Hon. Lawrence K. Karlton |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on the above date, time and department of the above-entitled Court, or as soon thereafter as a matter may be heard, Defendants CITY OF

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

MANTECA, DAVID BRICKER, and (FNU) AGUILAR, will move the Court for Motion to Strike and/or Dismiss Plaintiffs' claims, or for more definite statement.

This motion is based upon the grounds set forth in the motion and the memorandum of points and authorities attached hereto, namely that there is no legal basis for such allegations, and/or that the allegations are vague and/or immaterial.

This motion will be based upon this notice of motion, the motion, the pleadings and papers filed herein, as well as any further material properly presented to the Court in this matter.

Dated: August 30, 2011 GIBBONS & CONLEY

By: /s/ Sean C. Conley
AUSTIN R. GIBBONS
SEAN C. CONLEY
Attorneys for CITY OF MANTECA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Under Federal Rules of Civil Procedure, Rule 12(b)(6), the Court may dismiss allegations of the complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(e) the Court may require a party to clarify allegations which are "so vague or ambiguous that the [responding] party cannot reasonably prepare a response." Under Rule 12(f), the Court may strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading.

The present complaint alleges an officer-involved shooting. The plaintiffs include the wife of the decedent, as a representative of the decedent's estate, and

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3300
Fax (925) 932-1623

also individually, as well as decedent's child (represented by the wife as guardian ad litem), and the decedent's parents. Unfortunately, the complaint mixes all claimants, claims, and defendants together, without distinction, makes legally unsupportable claims, and includes immaterial allegations:

• The complaint indifferently alleges all claims on behalf of all plaintiffs, without distinguishing between the claims of the estate and the claims of the "individuals."

• The complaint jumbles claims under the Fourth and Fourteenth Amendments, without properly distinguishing between such claims.

• The complaint seeks damages for decedent's pain and suffering, which damages are not legally recoverable.

• The decedent's son and decedent's parents are not proper parties on the Fourth Amendment claim.

• The complaint alleges claims against the Chief of Police, and an individual officer, in their official capacity. All of the claims against the individual defendants in such capacity should be dismissed, because the City itself is named as a defendant.

• The complaint makes numerous allegations concerning third parties which are completely immaterial to the issues in this case, and should be stricken.

///

///

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

**Allegations of the Complaint**

In paragraph 1 of the complaint, plaintiffs allege that decedent was shot by a Manteca police officer. Plaintiffs allege that decedent was unarmed. In addition to these allegations, the complaint makes entirely irrelevant claims about alleged reports in unnamed press accounts, which reports are alleged to contradict plaintiff's allegations in the complaint. There are also irrelevant claims about unidentified press accounts concerning what equipment is present on defendant Manteca's police vehicles, as well as entirely irrelevant allegations concerning defendant City of Manteca's response to a California Public Records Act request by plaintiffs' attorney. Plaintiffs attach correspondence allegedly connected to this irrelevant issue as an exhibit to the complaint.

Paragraph 2 identifies plaintiff Whitney Duenez as the representative of decedent's estate, decedent's wife, and also the guardian ad litem of plaintiff D.D., decedent's son. Paragraphs 4 and 5 identify Rosemary and Ernesto Duenez as decedent's mother and father.

Paragraph 8 identifies defendant David Bricker as the Chief of Police for Manteca. He is sued only in his official capacity. Paragraph 9 identifies defendant "Aguilar" as a Manteca police officer, and he is sued in both his individual and official capacity.

Paragraphs 12 through 17 essentially allege that decedent was shot by a Manteca police officer even though he was visibly unarmed. Paragraph 18 makes

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

the entirely irrelevant allegation that some unidentified Manteca police officers detained and searched the house of individuals not a party to this action. In paragraph 18, plaintiffs add allegations about detention of unrelated third parties. In paragraph 22, the complaint alleges that decedent's death was a result of the City's failure to reasonably train officers in the use of deadly force. Paragraph 23 speculates that the defendants "may have relied" upon a confidential informant who allegedly provided inaccurate information, and that the City failed to reasonably train officers in the use of informants.

Paragraphs 25 through 30 allege damages, citing the wrongful death and survivor action sections of State statute. Unfortunately, the complaint appears indifferent to the fact that only the family member claimants are entitled to assert a claim for loss of familial relationship, while only the representative of the estate, Whitney Duenez as successor-in-interest, is entitled to assert the estate's rights. The complaint appears to allege that all of the plaintiffs are entitled to all damages.

The complaint also alleges, in paragraph 27, that "plaintiff" is entitled to decedent's pain and suffering damages. Those damages are not recoverable, as discussed below.

The first cause of action is entitled wrongful death, and is found in paragraphs 31 and 32. The cause of action is alleged by "plaintiffs," without distinction. The complaint alleges that "defendants" killed decedent by use of unlawful excessive force, depriving "plaintiff and decedent' of the right to be free

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

of unreasonable search and seizures, under the Fourth and Fourteenth Amendments.

The second cause of action is entitled "violation of plaintiffs' rights to familial relationship." Again, in paragraph 34, this cause of action appears to be brought by all plaintiffs against all defendants. Plaintiffs allege a "due process" violation of their familial relationship by defendants' seizure of decedent with unreasonable force. Plaintiffs again allege violation of both the Fourth and Fourteenth Amendments.

The third cause of action is a *Monell* claim, again apparently by all defendants. The complaint alleges that Chief Bricker knew or should have known of unspecified acts of misconduct by the named individual defendant officer, and approved of such unspecified misconduct by "said deputy sheriffs." Complaint paragraph 38. It further alleges that, because of indifference to this unspecified misconduct by the officer, the Chief encouraged the officers' misconduct, resulting in the violation of plaintiffs' rights. Complaint paragraph 39. It alleges that Chief Bricker knew of defects in training relating to use of force, "covering up" use of force, and improperly relying on informants with respect to use of force. Complaint paragraph 40. The cause of action concludes that these "acts and/or omissions" resulted in deprivation of "plaintiffs'" rights to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments, and the right to familial relationships under the Fourteenth Amendment.

///

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

The fourth cause of action is entitled "survival action." It is again made by "plaintiffs." Complaint paragraph 43. It alleges rights which would be possessed by decedent had he lived. Complaint paragraph 44. It alleges that "defendants" killed decedent, thereby subjecting him to "cruel and unusual punishment," which deprived "plaintiffs and the decedent" of the right to be free of unreasonable search and seizures under both the Fourth and Fourteenth Amendments, and the right to familial relationships under the Fourteenth Amendment. Complaint paragraph 45. Once more, it is impossible to tell which plaintiffs are making which claims, and against which defendants, as well as confusing rights under the Fourth and Fourteenth Amendments.

**All Claims Against Chief Bricker, and All Claims Against Individual Officers in Their Official Capacity, Should be Dismissed**

As the Court explained in *Arres v. City of Fresno* (E.D.Cal. 2011) 2011 WL 284971 at *5-6:

> "[W]hen both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D.Cal. 1997) (citing *Vance*, 928 F.Supp. at 996). "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002).
>
> [I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity. *Luke,* 954 F.Supp. at 204.

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

Chief Bricker is only sued in his official capacity. Complaint paragraph 8. Chief Bricker should therefore be dismissed from this action. Officer Aguilar is sued both individually and in his official capacity. Complaint page 9. The allegation of his official capacity should be stricken.

**Plaintiffs D.D., Rosemary an Ernest Duenez' Claims For Violation of the Decedent's Rights Should be Dismissed**

Because of the confusing allegations of the complaint, alleging every claim by every plaintiff against every defendant on every legal theory, it is difficult to determine who is suing whom, and for what. To the extent that the complaint may be read to assert claims by D.D. (decedent's son), Rosemary and Ernesto Duenez for violation of decedent's Fourth Amendment rights, those claims should be dismissed. These plaintiffs do not have standing to seek relief under Section 1983 with respect to a potential violation of decedent's Fourth Amendment rights. *See Alderman v. United States* (1969) 394 U.S. 165, 174, ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.").

In Section 1983 actions, survivors of an individual killed as a result of an officer's alleged excessive force may only assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. 42 U.S.C. § 1988(a); *Moreland v. Las Vegas Metro. Police Dep't* (9th Cir. 1998) 159 F.3d 365, 369. Under California law, decedent's Fourth Amendment claim

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

survives his death, but it can only be maintained by an individual acting as his successor-in-interest or the representative of his estate. *See* Code Civ. Proc. §377.20(a); *Smith v. City of Fontana* (9th Cir. 1987) 818 F.2d 1411, 1416-17.

In California, some personal injury claims suffered during life "survive" to decedent's estate for the purpose of recovering damages awardable personally to the decedent had he or she lived. Code Civ. Proc. §377.20. The proper party to bring such a claim is the decedent's personal representative or successor-in-interest. Code Civ. Proc. §377.30. In this case, decedent's wife alleges that she is the successor-in-interest. See complaint paragraph 2. Therefore, only Whitney Duenez, as successor-in-interest to decedent, may bring this claim. Code Civ. Proc. §377.11.

> Either the decedent's personal representative on behalf of the heirs or the specified heirs (either as plaintiffs or joined defendants) may assert the wrongful death claim - but not both.

*Adams v. Superior Court* (2011) 196 Cal.App.4th 71, 77.

Furthermore, neither parent would qualify to bring this claim in any event, since neither is alleged to have been dependent upon decedent. See Code Civ. Proc. §377.60.

If plaintiffs did not mean to claim these damages by all of the plaintiffs, the Court should order plaintiffs to clarify the allegations to explicitly identify which plaintiffs are bringing which claims against which defendants and on which theories.

///

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

**Claims of Decedent's Pain and Suffering Should be Stricken**

The complaint alleges that "plaintiff is entitled to recover damages incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death." Complaint paragraph 27. The courts of the Eastern District of California have long and consistently held that such damages are not recoverable. *Venerable v. City of Sacramento* (E.D. Cal. 2002) 185 F.Supp.2d 1128; *Contreras v. County of Glenn* (E.D. Cal. 2010) 725 F.Supp.2d 1151, 1156 (collecting citations). These claims should be stricken.

**Allegations Mixing Fourth and Fourteenth Amendment Claims Should be Dismissed or Clarified**

As noted above, each cause of action appears to allege a claim by every plaintiff against every defendant under both the Fourth and Fourteenth Amendments. The claim for unreasonable seizure of decedent, which should only be brought by Whitney Duenez as successor-in-interest, is based solely upon the Fourth Amendment, while the other plaintiffs' claims, for loss of familial relationship, should be based solely upon the Fourteenth Amendment standard. *Byrd v. Guess* (9th Cir. 1997) 137 F.3d 1126, 1134; *Moreland v. Las Vegas Metro. Police Dep't.* (9th Cir. 1998) 159 F.3d 365, 371. All of the causes of action, which mix parties and legal theories, should be dismissed or ordered clarified.

///

///

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

**Irrelevant and Improper Allegations Should be Stricken From the Complaint**

The complaint makes a host of irrelevant, improper and impertinent allegations which should be stricken from the complaint. The first paragraph of the complaint makes a series of allegations asserting that unnamed press reports made various claims. Whether these unrelated third parties did or did not make any such assertions has nothing to do with the issues in this case, and should be stricken. Plaintiffs should assert facts or not: it is not proper to try to sneak allegations into the complaint by attributing them to unnamed third-party sources.

Plaintiffs also allege that they made a request for information to defendant City and that the request was denied. The complaint paragraph 1. Plaintiffs attach the letter denying the request as Exhibit A to the complaint. As this letter reveals, the City's response was made to plaintiffs' attorney's Public Records Act request. First, the denial of this request for information is completely irrelevant to the issues in this case. Second, this appears to be an attempt to collaterally attack the denial of the request, rather than following proper State law procedures. All of these allegations, as well as Exhibit A, should be stricken.

Paragraphs 18 and 19 of the complaint make a series of allegations concerning actions of unnamed Manteca police officers towards third parties. None of these individuals is a party to the present action, and none of the activities alleged are relevant to the claims of any of the plaintiffs in this action. All of these claims concerning conduct toward third parties should be stricken.

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

CONCLUSION

The complaint is a confusing jumble of legal theories and parties, which at a minimum requires clarification. To the extent that plaintiffs are asserting claims to which they are not legally entitled, such claims must be dismissed. Further, Chief Bricker should be dismissed, and allegations concerning any officers "in their official capacity" should be stricken. Finally, immaterial allegations about actions by or towards third parties, and allegations about an irrelevant Public Records Act request, should be stricken.

Dated: August 30, 2011

GIBBONS & CONLEY

By: /s/ Sean C. Conley
AUSTIN R. GIBBONS
SEAN C. CONLEY
Attorneys for Defendants, City of Manteca, David Bricker, and (FNU) Aguilar

Gibbons & Conley
ATTORNEYS AT LAW
1333 N. California Blvd
Suite 110
Walnut Creek, CA 94596
(925) 932-3600
Fax (925) 932-1623

12

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINIE STATEMENT CASE NO. 2:11-cv-01820-LKK-KHN