JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY DUENEZ, individually, and as successor-in-interest for Decedent ERNESTO DUENEZ, JR.;   D.D., a minor, by and through his guardian ad litem, WHITNEY DUENEZ; ROSEMARY DUENEZ, individually; and ERNESTO DUENEZ, Sr., individually;<br><br>                    Plaintiffs,<br><br>     vs.<br><br>CITY OF MANTECA, a municipal corporation; DAVID BRICKER, in his capacity as Chief of Police for the CITY OF MANTECA; (FNU) AGUILAR, individually and in his official capacity as a police officer for the CITY OF MANTECA;  and DOES 1-100, inclusive,<br><br>                    Defendants.<br>_____ / | Case No. 2:11-cv-01820-LKK-KJN<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT**<br><br>Time: October 11, 2011<br>Date:  10:00 a.m.<br>Location: Courtroom 4<br><br>Honorable Judge Lawrence K. Karlton |

## INTRODUCTION

This action arises out of the wholly unprovoked and uncalled for shooting death of Decedent Ernesto Duenez, who at that time was unarmed and standing in a precarious position, by Defendant Officers (FNU) Aguilar and other unknown DOE (City of Manteca) Police Officers, whose identities have yet to be ascertained.  In addition, this case involves the improper leaking of false information to

informants and/or members of the press in an apparent attempt to spin the media coverage of this incident and manage public opinion.

Defendants City of Manteca (hereinafter "City"), Chief of Police David Bricker, Officer (FNU) Aguilar, and Defendant DOES 1-100, move to dismiss the Complaint for various reasons. Defendants primarily claim that the Complaint is confusing and difficult to follow; citing to instances of technicalities in pleading rather than any real substantive issues, they suggest that it is unclear who is being sued under which theory.  In the alternative, Defendants move for a more definite statement. Defendants' substantive claims include: claims against all officers in their official capacities are redundant and improper, and damages claims for decedent's pain and suffering are improper claims. Defendants also claim that several of Plaintiffs' factual claims are immaterial and request the Court to strike them.

Plaintiffs maintain that they adequately state constitutional and state law causes of action against all Defendants, any defects in pleading are as to form, not content, and can easily be remedied by amendment to the Complaint.  As such, this Court should deny Defendants' Motion to Dismiss or, in the alternative, grant Plaintiff leave to amend the Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On the afternoon of June 8, 2011, Decedent ERNESTO DUENEZ, Jr. asked his acquaintance, Rudy Camarena, for a ride to another person's house to pick up various items Decedent had left at that person's house. Mr. Camarena and his wife drove Decedent to the home of Michael Henry, at 21092 Pilsbury Road in Manteca.  While at that residence, Decedent retrieved some of his property. Mr. Henry came outside the residence, and offered a small knife to Decedent.  Decedent indicated that the knife was not his. Mr. Henry then asked Mr. Camarena if he wanted the small knife. Mr. Camarena, who was in the driver's seat of the pickup truck, shrugged. Mr. Henry appeared to be insistent that Mr. Camarena take the knife, and eventually Mr. Camarena accepted the knife, and immediately threw it backward outside the pickup truck. The knife either landed in the bed of the pickup truck or on the ground.

After Mr. Camarena parked his pick-up truck in its usual parking spot in the yard of the Camarena residence at 242 Flores Street, a Manteca Police Department patrol vehicle pulled to a stop behind Mr. Camarena's truck and activated its siren light. Decedent Duenez, who was in the backseat, began to try and exit the truck, while Mr. Camarena and his wife remained in the truck. The truck's ignition was turned off. Mr. DUENEZ pushed Mr. Camarena's wife forward as he began to exit the truck, and stepped his left foot out of the truck, Decedent's right foot was tangled in the seat belt. Decedent's hands were up, and it was clear that he possessed no visible weapon at all. Other patrol vehicles arrived at the scene.  Defendant Officer Aguilar and other unknown Officer DOES then fired several gunshots at Decedent striking him the torso several times.

Plaintiff WHITNEY DUENEZ heard gunshots and heard someone yell her husband's name. Plaintiff Whitney Duenez ran outside the Camarena residence, and saw her husband standing, with one foot outside the truck and his right foot still inside the truck, apparently having been shot several times in the torso. Decedent had no weapon in his possession, and was not advancing upon anyone, essentially standing still after he had been shot multiple times.  Plaintiff Duenez saw a patrol vehicle and Defendant Officer Aguilar, fire one more gunshot that struck Decedent in the face. Decedent then fell down to the ground.

Press accounts subsequently released falsely claimed Decedent Duenez had approached the Defendant Officers armed, according to the various press accounts, with either a knife, a gun, or a weapon.  Some of these false accounts were attributed by press to Defendant City Police Department sources.  Actually, Decedent Duenez was neither armed nor able to approach the Defendant Officers at the scene of his wrongful killing, with his leg tangled in the seatbelt.  Press accounts have also reported that Defendant City Police Department patrol vehicles are equipped with video camera recording devices designed to capture events of police and suspect activity on video.   Plaintiffs' attorney has requested the police reports and patrol vehicle video footage of the incident from the City.  Defendant Manteca Police Department Police Chief David Bricker has refused to provide any such responsive information, including even the identity of the police officers involved, invoking various California state law statutory privileges, although he has already publicly declared the

involved officers committed no wrongdoing and will be cleared. The San Joaquin County District Attorney's investigation into the subject is not complete yet.

## ARGUMENT

### A.  LEGAL STANDARDS

#### 1. Standard for Rule 12(b)(6) Motions

Federal Rules of Civil Procedure, Rule 12(b)(6) (Rule 12(b)(6)) allows a party to move to dismiss a claim for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal may be based on either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP,* 534 F.3d 1116, 1122 (9th Cir. 2008).

Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the complaint. There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir.1997). The Rule 12(b)(6) issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Jackson v. Carey,* 353 F .3d 750, 755 (9th Cir. 2003). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The court may grant a motion to dismiss for failure to state a claim when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly, supra,* at 547). To be facially plausible, the claim must have enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks omitted). A formulaic recitation of a cause of action with conclusory allegations is not enough. *Id.*

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (internal quotation marks omitted).

Leave to amend "shall be freely given when justice so requires." Federal Rule Civil Procedure, Rule 15(a); see *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (when a Rule 12(b)(6) motion is granted, leave to amend is ordinarily denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment). When considering whether plaintiff has stated a claim upon which relief can be granted, this Court accepts as true all allegations of material fact in the complaint and construes them in the light most favorable to plaintiff. *See, McGary v. City of Portland,* 386 F.3d 1259, 1261 (9th Cir.2004); *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir.1980).

### 2. Rule 8 Pleading Standard

A complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The "short and plain" statement must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Walsh v. Nev. Dep't of Human Res.,* 471 F.3d 1033, 1036 (9th Cir.2006) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Ninth Circuit has held that "[a] party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case." *Sagana v. Tenorio,* 384 F.3d 731, 737 (9th Cir.2004) (quoting *Am. Timber & Trading Co. v. First Nat'l Bank,* 690 F.2d 781, 786 (9th Cir.1982)).

### 3. Standard for Rule 12(e)

"Under the liberal pleading standards, 'pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim.'" *Castillo v. Norton*, 219 F.R.D. 155, 163 (D.Ariz.2003) (citing *Resolution Trust Corp. v. Dean*, 854 F.Supp. 626, 624 (D.Ariz.1994)) (quoting *A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D.Ariz.1989)). Federal Rules of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such

      other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e).

However, a Rule 12(e) motion for a more definite statement must be considered in light of Rule 8's liberal pleading standards in federal court. *Neveau v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005). A Rule 12(e) motion is "proper 'only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.'" *Id*. at 1169 (quoting *Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F.Supp. 940, 949 (E.D.Cal.1981)). This Court must deny the motion if "the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Id*. at 1169 (citing *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal.1996)).

The Court may also deny the motion if the detail sought by a motion for more definite statement is obtainable through discovery. See *Id*.; *Famolare, Inc., supra*, 525 F.Supp. at 949. "Thus, the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small-the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must not be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." See *Rendon v. City of Fresno*, 2007 WL 2302340 *7-8 (E.D. 2007) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (2d ed.) § 1376).

Whether to grant a Rule 12(e) motion for a more definite statement lies within the wide discretion of the district court. See *Id*. However, "[m]otions for more definite statement are viewed with disfavor, and are rarely granted." See *Id*. (citing William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:351 (2000) (citing In re American Int'l Airways, Inc., 66 B.R. 642, 645 (E.D.Pa.1986)).

### 4. *Standard for Rule 12(f)*

Pursuant to Rule 12(f), this Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by

dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). A matter is considered immaterial if it has "no essential or important relationship to the claim for relief," and a matter is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.

Motions to strike are generally viewed with disfavor and are not frequently granted. *Pease v. Curran Ref., Inc. v. Spectrolab, Inc.*, 744 F.Supp. 945, 947 (C.D.Cal.1990). Further, courts must view the pleading under attack in the light more favorable to the pleader. *California v. United States*, 512 F.Supp. 36, 39 (N.D.Cal.1981). Therefore, "[m]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 823 (N.D.Cal.1992).

### B. PLAINTIFFS PROPERLY NAME DEFENDANTS IN THEIR OFFICIAL CAPACITIES

Defendants claim that all claims against Defendant Bricker and all individual officers in their official capacities should be dismissed. Defendants are mistaken.

Individual local government officers can be named as defendants either in their personal or official capacities. A suit against an individual officer in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent." *Wolfe v. Strankman,* 392 F.3d 358, 365 (9th Cir.2004) (citing *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). As such, to state a claim against an individual officer in his official capacity, a plaintiff must allege an unconstitutional "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers." *Neveau v. City of Fresno,* 392 F.Supp .2d 1159, 1171 (D.Cal.2005) (quoting *Monell,* 436 U.S. at 659, 690)). In contrast, a claim against an individual local government officer acting in his or her personal capacity is quite different from a *Monell* claim against a local government entity. A plaintiff suing an individual officer in his or her personal capacity is not required to establish any connection between the alleged unlawful act and a governmental "policy or custom." "[R]egardless of whether the constitutional violation occurred, the

[official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Sepatis v. City & County of San Francisco,* 217 F.Supp.2d 992, 996 (N.D. Cal.2002) (quoting *Romero v. Kitsap County,* 931 F.2d 624, 627 (9th Cir.1991)). Here, the Defendants Bricker and all individual officers are named in their official capacity in furtherance of the *Monell* claim in which their actions are in furtherance of a policy and custom. These Defendants are thus properly named in their official capacities.

In *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal 1997), the court determined that a "plaintiff cannot elect which of the defendant formats to use .... If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant." However, other courts from the same District have determined that "the plaintiff is master of his complaint" and absent any Ninth Circuit authority to the contrary have declined to "override the plaintiff's choice of defendant" or make any substitutions. See *Bell v. Baca*, 2002 WL 368532 *2 (C.D. Cal. 2002).

This Court should reject Defendants argument on this point.

**C. PLAINTIFFS' FOURTH AND FOURTEENTH AMENDMENT CLAIMS**

Defendants attack the Complaint by claiming that Plaintiffs' Fourth and Fourteenth Amendment claims are confusing and unclear requiring dismissal or clarification. Plaintiffs submit that these arguments are much ado about nothing. Plaintiffs maintain that their Complaint adequately and clearly metes out a wrongful death and survival action based on the killing of Decedent Duenez as a result of the excessive use of force by the Defendant Officers and which asserts Fourth Amendment claims on decedent's behalf and Fourteenth Amendment claims on all of the Plaintiffs' behalf.

Contrary to Defendants' argument, Plaintiff D.D., as Decedent Duenez' minor and dependent child, has standing to bring a wrongful death claim. Standing to bring such a claim is governed by California Code of Civil Procedure § 377.60, which establishes a wrongful death cause of action and delineates who may avail themselves of the action. See *Ruiz v. Podolsky,* 50 Cal.4th 838, 858 (2010)

("Plaintiffs' wrongful death claim is independent, vindicating their own injuries, which arise from the effect that their father's death had on them personally."). In relevant part, § 377.60 states:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent the persons including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession. (b) Whether or not qualified under subdivision (a), *if they were dependent on the decedent,* the putative spouse, children of the putative spouse, stepchildren, or *parents* ...."

(Emphasis added). As Defendants note, Plaintiffs do not allege that Plaintiffs Rosemary and Ernesto Duenez Sr. were dependent on Decedent Duenez and thereby do not allege a claim for wrongful death damages. See *Chavez v. Carpenter,* 91 Cal.App.4th 1433, 1445 (2001) ("parents may sue for the wrongful death of their child 'if they were dependent on the decedent.'") (quoting Cal.Code.Civ.P. § 377.60).

Again, Plaintiffs maintain that all claims and allegations are clearly delineated in the Complaint providing Defendant with fair notice of as to what is at issue. If this Court disagrees, Plaintiffs will gladly amend the Complaint in accordance with the dictates of this Court.

### D. DECEDENT'S PAIN AND SUFFERING DAMAGES

Defendants claim that Plaintiffs' claims of Decedent's pain and suffering should be stricken. There is a split of authority on the issue of applicability of Cal. Civ. Proc. § 377.34, among the District Courts of California. Plaintiffs acknowledge that Courts in this district have held that these damages are not recoverable. *Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128 (E.D.CA 2002).) Whereas, Courts in the Southern, Northern, and Central Districts of California have routinely held that recovery of damages for pain and suffering prior to death is consistent with the remedial purpose of section 1983 when the deprivation of constitutional rights causes the decedent's death. *Hirschfield v. San Diego Unified Port Dist.,* 2009 WL 3248101, at *4 (S.D. Cal. 2009); *T.D.W. v. Riverside County,* 2010 WL 1006618, at *6 (C.D. Cal. 2010); *Garcia v. Whitehead,* 961 F. Supp. 230 (C.D. Cal. 1997); *Williams v. City of Oakland,* 915 F.Supp. 1074 (N.D. Cal. 1996). However, despite these differing opinions of the district courts, the Ninth Circuit has not addressed the issue of

survival damages in a section 1983 action.  See *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1060 (9th Cir. 2010) (acknowledging that "the Ninth Circuit has not addressed the question of what damages are available under a Section 1983 wrongful death claims").

As such, Plaintiffs maintain that they properly claim damages for Decedent's pain and suffering.

### E.  PLAINTIFFS' FACTUAL ALLEGATIONS ARE PROPERLY PLEADED

Defendants claim that the complaint makes irrelevant, improper and impertinent allegations which they further claim should be stricken.  Plaintiffs maintain that all factual statements and exhibits regarding Plaintiffs' information requests are legitimate and go to the totality of circumstances tending to showing that Plaintiffs have made a good faith effort to ascertain all relevant facts regarding their allegations.  Moreover, regarding Defendants attack on factual allegations involving "third parties," Plaintiffs maintain that these facts are properly alleged and are part and parcel of Plaintiffs' constitutional claims of wrongdoing.  Striking any of Plaintiffs' allegations prior to any meaningful opportunity for discovery in this case would be improper.

### CONCLUSION

Plaintiffs urge this Court to reject Defendants' Motion to Dismiss.  In the alternative, Plaintiff seeks leave of the Court to amend the Complaint to include any inadvertently omitted references, to correct any inartful verbiage, and otherwise remedy any other pleading deficiencies this Court ascribes.

Dated:  September 27, 2011                           **THE LAW OFFICES OF JOHN L. BURRIS**

/s/ *Benjamin Nisenbaum*
Benjamin Nisenbaum
Attorney for Plaintiffs