UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WHITNEY DUENEZ, individually
and as successor-in-interest
for Decedent ERNESTO DUENEZ,
JR.; D.D., a minor, by and
through his guardian ad
litem, WHITNEY DUENEZ;
ROSEMARY DUENEZ, individually;
and ERNESTO DUENEZ, SR.,
individually,

NO. CIV. S-11-1820 LKK/KJN

                Plaintiffs,

        v.

CITY OF MANTECA, a municipal
corporation; DAVID BRICKER,
in his capacity as Chief of
Police for the CITY OF
MANTECA; (FNU) AGUILAR,
individually and in his
official capacity as a police
officer for the CITY OF
MANTECA; and DOES 1-100,
inclusive,

                Defendants.
_____/

## STATUS (PRETRIAL SCHEDULING) CONFERENCE

        READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH

THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

1  PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS

2  ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

3  SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN

4  ORDER OF JUDGMENT.

5       Pursuant to court order, a Status (Pretrial Scheduling)

6  Conference was held in chambers on June 25, 2012.  Benjamin

7  Nisenbaum appeared as counsel for plaintiffs; Sean C. Conley

8  appeared telephonically as counsel for defendants.  After hearing,

9  the court makes the following findings and orders:

10       **SERVICE OF PROCESS**

11       All parties defendant have been served and no further service

12  is permitted except with leave of court, good cause having been

13  shown.

14       **JOINDER OF PARTIES/AMENDMENTS**

15       No further joinder of parties or amendments to pleadings is

16  permitted except with leave of court, good cause having been shown.

17  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.

18  1992).

19       **JURISDICTION/VENUE**

20       Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343, and

21  1367, is undisputed and is hereby found to be proper, as is venue.

22       **FICTITIOUSLY-NAMED DEFENDANTS**

23       This action, including any counterclaims, cross-claims, and

24  third-party complaints is hereby DISMISSED as to all DOE or other

25  fictitiously-named defendants.

26  ////

1    **MOTION HEARING SCHEDULES**

2        All law and motion except as to discovery is left open, save

3    and except that it shall be conducted so as to be completed by

4    July 20, 2013.  The word "completed" in this context means that all

5    law and motion matters must be **heard** by the above date.  Because

6    this date is not necessarily a date previously set aside for law

7    and motion hearings, it is incumbent upon counsel to contact this

8    court's courtroom deputy, Ana Rivas at (916) 930-4133, sufficiently

9    in advance so as to ascertain the dates upon which law and motion

10   will be heard and to properly notice its motion for hearing before

11   that date.    Counsel are cautioned to refer to Local Rule 230

12   regarding the requirements for noticing such motions on the court's

13   regularly scheduled law and motion calendar.  **Opposition or**

14   **statement of non-opposition to all motions shall be filed not later**

15   **than 4:30 p.m. fourteen (14) days preceding the hearing date, or by**

16   **proof of service by mail not less than seventeen (17) days**

17   **preceding the hearing date.**   This paragraph does not preclude

18   motions for continuances, temporary restraining orders or other

19   emergency applications, and is subject to any special scheduling

20   set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

21       At the time of filing a motion, opposition, or reply, counsel

22   are directed to email a copy in word processing format to  lkk-

23   pleadings@caed.uscourts.gov.

24       The parties should keep in mind that the purpose of law and

25   motion is to narrow and refine the legal issues raised by the case,

26   and to dispose of by pretrial motion those issues that are

3

1  susceptible to resolution without trial.  To accomplish that
2  purpose, the parties need to identify and fully research the issues
3  presented by the case, and then examine those issues in light of
4  the evidence gleaned through discovery.  If it appears to counsel
5  after examining the legal issues and facts that an issue can be
6  resolved by pretrial motion, counsel are to file the appropriate
7  motion by the law and motion cutoff set forth <u>supra</u>.

8  **Unless prior permission has been granted, memoranda of law in**
9  **support of and in opposition to motions are limited to thirty (30)**
10 **pages, and reply memoranda are limited to fifteen (15) pages.  The**
11 **parties are also cautioned against filing multiple briefs to**
12 **circumvent this rule.**

13 Where the parties bring motions for summary judgment, the
14 court will deem facts which are apparently undisputed as undisputed
15 under Fed. R. Civ. P. 56(d), unless specifically reserved and that
16 party tenders evidence to support the reservation.

17 <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
18 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
19 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.  COUNSEL ARE CAUTIONED
20 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
21 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
22 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
23 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
24 TIMELY FILE AN APPROPRIATE MOTION.

25 Counsel are further reminded that motions in limine are
26 procedural devices designed to address the admissibility of

4

1 evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH

2 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS

3 IN LIMINE  AT THE TIME OF TRIAL.

4      **DISCOVERY**

5      No modifications of the discovery requirements found in the

6 Federal Rules is ordered except as follows:

7      Deposition of defendant Moody is stayed for forty-five (45)

8 days.

9      All discovery is left open, save and except that it shall be

10 so conducted as to be <u>completed</u> by May 20, 2013.  The word

11 "completed" means that all discovery shall have been conducted so

12 that all depositions have been taken and any disputes relative to

13 discovery shall have been resolved by appropriate order if

14 necessary and, where discovery has been ordered, the order has been

15 complied with.  Motions to compel discovery must be noticed on the

16 magistrate judge's calendar in accordance with the local rules of

17 this court and so that such motions will be heard not later than

18 April 20, 2013.  In this regard, all counsel are to designate in

19 writing and file with the court and serve upon all other parties a

20 final list of the names of all experts that they propose to tender

21 at trial not later than forty-five (45) days before the close of

22 discovery herein established.  At the time of designation, all

23 experts shall submit a written report.  The contents of the report

24 must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All

25 experts so designated are to be fully prepared to render an

26 informed opinion at the time of <u>designation</u> so that they may fully

1  participate in any deposition taken by the opposing party.  Experts
2  will not be permitted to testify at the trial as to any information
3  gathered or evaluated, or opinion formed, after deposition taken
4  subsequent to designation.

5      An expert witness not appearing on said lists will not be
6  permitted to testify unless the party offering the witness
7  demonstrates:  (a) that the necessity of the witness could not have
8  been reasonably anticipated at the time the lists were exchanged;
9  (b) the court and opposing counsel were promptly notified upon
10  discovery of the witness; and (c) that the witness was promptly
11  proffered for deposition.

12      **MID-LITIGATION STATEMENTS**

13      Not later than fourteen (14) days prior to the close of
14  discovery, all parties shall file with the court and serve on all
15  other parties a brief statement summarizing all law and motion
16  practice heard by the court as of the date of the filing of the
17  statement, whether the court has disposed of the motion at the time
18  the statement is filed and served, and the likelihood that any
19  further motions will be noticed prior to the close of law and
20  motion.  The filing of this statement shall not relieve the parties
21  or counsel of their obligation to timely notice all appropriate
22  motions as set forth above.

23      **FINAL PRETRIAL CONFERENCE**

24      The Final Pretrial Conference is **SET** for October 21, 2013, at
25  1:30 p.m.  Counsel are cautioned that counsel appearing for
26  Pretrial will in fact try the matter.

1   Counsel for all parties are to be fully prepared for trial at
2   the time of the Pretrial Conference, with no matters remaining to
3   be accomplished except production of witnesses for oral testimony.
4   Counsel are referred to Local Rules 280 and 281 relating to the
5   contents of and time for filing Pretrial Statements.  In addition
6   to those subjects listed in Local Rule 281(b), the parties are to
7   provide the court with a plain, concise statement which identifies
8   every non-discovery motion tendered to the court, and its
9   resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL
10  BE GROUNDS FOR SANCTIONS.

11  The parties shall file Separate Pretrial Statements, the
12  contents and timing of which are set forth in Local Rule 281,
13  except that the parties are to prepare a <u>JOINT STATEMENT</u> with
14  respect to the undisputed facts and disputed factual issues of the
15  case.  <u>See</u> Local Rule 281(b)(3), (4), and (6).  The parties are
16  reminded to include in their joint statement all disputed and
17  undisputed special factual information as required by Local Rule
18  281(b)(6).

19  The undisputed facts and disputed factual issues are to be set
20  forth in two separate sections.  In each section, the parties
21  should identify first the general facts relevant to all causes of
22  action.  After identifying the general facts, the parties should
23  then identify those facts which are relevant to each separate cause
24  of action.  In this regard, the parties are to number each
25  individual fact or factual issue.  Where the parties are unable to
26  agree as to what factual issues are properly before the court for

1 trial, they should nevertheless list in the section on "DISPUTED
2 FACTUAL ISSUES" all issues asserted by any of the parties and
3 explain by parenthetical the controversy concerning each issue.
4 Each individual disputed fact or factual issue shall include the
5 following introductory language:  "Whether or not . . . ."  The
6 parties should keep in mind that, in general, each fact should
7 relate or correspond to an element of the relevant cause of action.
8 Notwithstanding the provisions of Local Rule 281, the Joint
9 Statement of Undisputed Facts and Disputed Factual Issues is to be
10 filed with the court concurrently with the filing of plaintiff's
11 Pretrial Statement.  If the case is tried to a jury, the undisputed
12 facts will be read to the jury.

13      Pursuant to Local Rule 281(b)(10) and (11), the parties are
14 required to provide in their Pretrial Statements a list of
15 witnesses and exhibits that they propose to proffer at trial, no
16 matter for what purpose.  These lists shall not be contained in the
17 Pretrial Statement itself, but shall be attached as separate
18 documents to be used as addenda to the Final Pretrial Order.
19 Plaintiff's exhibits shall be listed **numerically**; defendant's
20 exhibits shall be listed **alphabetically**.  In the event that the
21 alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,
22 3A-3Z, etc."  The Pretrial Order will contain a stringent standard
23 for the proffering of witnesses and exhibits at trial not listed in
24 the Pretrial Order.  Counsel are cautioned that the standard will
25 be strictly applied.  On the other hand, the listing of exhibits or
26 witnesses which counsel do not intend to call or use will be viewed

1  as an abuse of the court's processes.

2      Pursuant to Local Rule 281(b)(12), a party is required to
3  provide a list of all answers to interrogatories and responses to
4  requests for admission that the party expects to offer at trial.
5  This list should include only those documents or portions thereof
6  which the party expects to offer in its case-in-chief.   Unless
7  otherwise barred by a rule of evidence or order of this court, the
8  parties remain free to tender appropriate discovery documents
9  during trial for such purposes as, but not limited to, impeachment
10 or memory refreshment.

11      Pursuant to Local Rule 281(b)(8), the parties' Pretrial
12 Statements shall contain a "statement of legal theory, etc."  Each
13 party shall commence this section by specifying as to each claim
14 whether federal or state law governs, and if state law, the state
15 whose law is applicable.

16      Counsel are also reminded that, pursuant to Fed. R. Civ. P.
17 16, it will be their duty at the Pretrial Conference to aid the
18 court in (a) formulation and simplification of issues and the
19 elimination of frivolous claims or defenses; (b) settling of facts
20 which should be properly admitted; and (c) the avoidance of
21 unnecessary proof and cumulative evidence.   Counsel must prepare
22 their Pretrial Statements, and participate in good faith at the
23 Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO
24 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include
25 monetary sanctions, orders precluding proof, eliminations of claims
26 or defenses, or such other sanctions as the court deems

1  appropriate.

2  **TRIAL SETTING**

3  Trial is **SET** for January 22, 2014, at 10:30 a.m.  Trial will

4  be by jury.  The parties represent in good faith that the trial

5  will take approximately twelve (12) days.

6  **SETTLEMENT CONFERENCE**

7  A Settlement Conference will be set before a judge other than

8  the trial judge at the time of the Pretrial Conference.

9  Counsel are cautioned to have a principal capable of

10  disposition present at the Settlement Conference or to be fully

11  authorized to settle the matter on any terms and at the Settlement

12  Conference.

13  **MISCELLANEOUS PROVISIONS**

14  The parties are reminded that pursuant to Fed. R. Civ. P.

15  16(b), the Status (pretrial scheduling) Order **shall not be modified**

16  **except by leave of court upon a showing of good cause.**  Counsel are

17  cautioned that changes to any of the scheduled dates will

18  necessarily result in changes to all other dates.  Thus, even where

19  good cause has been shown, the court will not grant a request to

20  change the discovery cutoff date without modifying the pretrial and

21  trial dates.

22  **Agreement by the parties pursuant to stipulation does not**

23  **constitute good cause.  Nor does the unavailability of witnesses or**

24  **counsel, except in extraordinary circumstances, constitute good**

25  **cause.**

26  The parties are reminded of their continuing obligation to

1  supplement their statements relative to the identification of
2  parent corporations and any publicly held company that owns 10% or
3  more of the party's stock within a reasonable time of any change in
4  the information.

5       The parties are admonished that they are not to cite or refer
6  to any of the quotations inscribed in the pavers on the front plaza
7  of the United States Courthouse in any written or oral presentation
8  to the court or a jury.

9       There appear to be no other matters presently pending before
10 the court that will aid the just and expeditious disposition of
11 this matter.

12      IT IS SO ORDERED.

13      DATED:  June 26, 2012.

14

15

16

17                              LAWRENCE K. KARLTON
                                SENIOR JUDGE
18                              UNITED STATES DISTRICT COURT

19

20

21

22

23

24

25

26