UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY DUENEZ, individually and as successor-in-interest for Decedent ERNESTO DUENEZ, JR.; D.D., a minor, by and through his guardian ad litem, WHITNEY DUENEZ; ROSEMARY DUENEZ, individually; and ERNESTO DUENEZ, SR., individually,<br><br>      Plaintiffs,<br><br>    v.<br><br>CITY OF MANTECA, a municipal corporation; DAVID BRICKER, in his capacity as Chief of Police for the CITY OF MANTECA; (FNU) AGUILAR, individually and in his official capacity as a police officer for the CITY OF MANTECA; and DOES 1-100, inclusive,<br><br>      Defendants. | No. CIV. S-11-1820 LKK/KJN<br><br>**ORDER** |

Defendants Moody and Bricker have filed interlocutory appeals of this court's order denying them summary judgment on their assertions of qualified immunity. ECF No. 123. The City

1

of Manteca also appeals, based upon "the doctrine of pendent appellate jurisdiction."  Id.

A proper interlocutory appeal would divest this court of jurisdiction over the matters covered by the appeal.  Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992).  However, if the interlocutory appeal is frivolous or waived, this court will retain jurisdiction upon so certifying in writing.  Id.

This court denied those portions of defendant Moody's assertions of qualified immunity that were based upon his assertion that his actions – in shooting the decedent, continuing to shoot decedent as he crumpled to the ground, and further continuing to shoot decedent after he had fallen to the ground, for a total of thirteen (13) shots – were objectively reasonable. Whether Moody's actions were objectively reasonable or not is plainly a question of fact for a jury to decide.  The appeal is frivolous.

Defendant Bricker asserted qualified immunity against the claim that he was liable under a theory of "ratification."  This court granted him partial summary judgment, finding that he could not be held liable on a theory of ratification.  Bricker did not seek qualified immunity as to any other claim or theory of liability.  Accordingly, his appeal, which is presumably based on those other claims or theories, is waived.

This court hereby **CERTIFIES** that Moody's interlocutory appeal is frivolous, and that Bricker's interlocutory appeal is waived.[1]  Because the City's appeal is predicated solely upon the

---

[1] The court is forced to rule on this matter immediately (without waiting for defendants' response to plaintiffs' assertion that

2

1 | appeals of Moody and Bricker, it is also frivolous.  All dates
2 | currently set in this case are hereby **CONFIRMED**.
3 |     The Clerk of the District Court shall file this order with
4 | the U.S. Court of Appeals for the Ninth Circuit.
5 |     IT IS SO ORDERED.
6 |     DATED:  January 10, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

these appeals are frivolous), because defendants filed their notice of appeal on the Thursday afternoon immediately preceding Monday's Final Pretrial Conference.  The appeals appear to be plainly frivolous and designed solely to delay these proceedings, thus, unless the Ninth Circuit issues a contrary order, this court will entertain a motion for attorneys' fees or other appropriate sanctions.

3