JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:	(510) 839-5200
Facsimile:	(510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY DUENEZ, individually, and as successor-in-interest for Decedent ERNESTO DUENEZ, JR.;  D.D., a minor, by and through his guardian ad litem, WHITNEY DUENEZ; ROSEMARY DUENEZ, individually; and ERNESTO DUENEZ, Sr., individually;<br><br>                Plaintiffs,<br><br>    vs.<br><br>CITY OF MANTECA, a municipal corporation; DAVID BRICKER, individually; JOHN MOODY, individually;  and DOES 2-100, inclusive,<br><br>                Defendants.<br>_____/ | Case No.  2:11-cv-01820-LKK-AC<br><br>**AMENDED PETITION APPOINTING GUARDIAN AD LITEM AND APPROVING MINORS' COMPROMISE AND ORDER**<br><br>No hearing date set<br><br>Honorable Lawrence K. Karlton<br>United States District Judge |

Petitioner WHITNEY respectfully represents:

　　　1.　　Petitioner WHITNEY DUENEZ is the natural mother of minor plaintiff D.D.  Minor Plaintiff D.D. was born on June 25, 2010 and is presently 3 years old.

　　　2.　　Minor Plaintiff D.D. has causes of action against the named defendants herein on which a lawsuit was brought in this court for violation of civil rights, wrongful death and personal injury tort claims under Federal and State statutes.  He is the son of Decedent ERNESTO DUENEZ, JR.

Amended Petition to appoint guardian ad litem and approve minors' compromise
DUENEZ, et al. v. CITY OF MANTECA, et al.

1

3. Plaintiffs' causes of action arise out an incident which occurred on June 8, 2011, in which Decedent ERNESTO DUENEZ, JR. died after being shot numerous times by Defendant JOHN MOODY.

4. No previous petition for appointment of guardian ad litem has been filed in this matter.

5. Petitioner is willing to serve as the minor's Guardian Ad Litem. Petitioner is fully competent to understand and protect the rights of the minor, and has no interest adverse to that of the minor.

6. Petitioner requests that she be appointed guardian ad litem for her son, as denoted above, to prosecute the above-described causes of action on behalf of her son, as denoted above, and for such other relief as the Court may deem just and proper.

7. The parties in this case have reached settlement in this matter. The total settlement of the case is in the amount of $2,200,000, including all costs and attorneys' fees. The four plaintiffs have agreed to split the settlement as follows: Minor Plaintiff D.D. shall receive 40% of the settlement, Plaintiff WHITNEY DUENEZ shall receive 30% of the total settlement, and Plaintiffs ROSEMARY DUENEZ and ERNESTO DUENEZ, SR. shall each receive 15% of the settlement. The plaintiffs shall bear the same proportion of the costs of litigation in the case, which total $87,061.07. Minor plaintiff D.D.'s share of settlement proceeds from the 2,200,000.00 settlement in the instant action shall be in the total gross amount of $880,000.00, which shall be distributed as follows:

    a. Attorney fees for Minor Plaintiffs D.D. shall be at 25% each of his total gross recovery, in the amount of $220,000.00, pursuant to the contingency fee agreement in this case.

    b. Proportionate with Minor Plaintiff D.D.'s share of the $2,200,000.00 recovery, Minor Plaintiff shall bear 40% of the total $87,061.07 in litigation costs incurred by his counsel in this action, or $34,824.43.

    c. Minor Plaintiff D.D.'s net settlement is in the amount of $625,175.57.

    d. Minor Plaintiff D.D.'s net settlement shall be placed in a structured settlement as set forth in Exhibit A attached hereto. The settlement shall be disbursed according to the

Amended Petition to appoint guardian ad litem and approve minors' compromise
DUENEZ, et al. v. CITY OF MANTECA, et al.

2

terms of the structured settlement proposal, subject to annuity rates at the time of purchase. All payments for Minor Plaintiff D.D., made while he is a minor, shall be made payable to his mother and Guardian Ad Litem, WHITNEY DUENEZ, for the benefit of Minor Plaintiff D.D. $30,000.00 of Minor Plaintiff D.D.'s settlement shall be place in an FDIC insured court-blocked account, with distributions made only by Court order. All funds remaining in this FDIC insured court-blocked account, if any, shall be made available to Minor Plaintiff on his 18th birthday.

9. This petition was prepared by the Law Offices of John L. Burris, the lead counsel representing plaintiff in this action. Benjamin Nisenbaum, Esq. of Law Offices of John L. Burris also represents plaintiff and is in agreement with the terms of this Petition. John L. Burris, Esq. and Benjamin Nisenbaum, Esq. hereby represent to the Court that they became involved in this case at the request of plaintiffs, and have not received, and do not expect to receive any compensation for their services in connection with this action from any person other than the parties whom they represent in this action.

10. Petitioner and his counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the subject incidents, the responsibility therefore, and the nature and extent of injury to the minor plaintiff, and fully understand that if the compromise herein proposed is approved by the Court and is consummated, said minor plaintiff will be forever barred and prevented from seeking any further recovery of compensation as against all Defendants in this action, even if said minor's losses and injuries might in the future prove to be more serious than they are now thought to be.

11. Petitioner recommends this compromise settlement to the Court as being fair, reasonable, and in the best interests of said minor plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 21 2014                    /s/*Benjamin Nisenbaum*_____
                                         Ben Nisenbaum
                                         Attorney for Plaintiffs

# [ PROPOSED] <u>ORDER</u>

Plaintiffs Petition to Appoint WHITNEY DUENEZ as the guardian ad litem of her son, Minor D.D., in the instant matter is hereby Granted.

The Court hereby approves the minor's compromise according to the the terms set forh in the instant petition to approve the minor's compromise.

IT IS SO ORDERED.

Dated:_____                                         _____
                                                          Hon. Lawrence K. Karlton
                                                          UNITED STATES DISTRICT JUDGE

Amended Petition to appoint guardian ad litem and approve minors' compromise
DUENEZ, et al. v. CITY OF MANTECA, et al.

4

JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:     (510) 839-5200
Facsimile:      (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY DUENEZ, individually, and as successor-in-interest for Decedent ERNESTO DUENEZ, JR.;   D.D., a minor, by and through his guardian ad litem, WHITNEY DUENEZ; ROSEMARY DUENEZ, individually; and ERNESTO DUENEZ, Sr., individually;<br><br>                Plaintiffs,<br><br>     vs.<br><br>CITY OF MANTECA, a municipal corporation; DAVID BRICKER, individually; JOHN MOODY, individually;  and DOES 2-100, inclusive,<br><br>                Defendants.<br>_____/ | Case No.  2:11-cv-01820-LKK-AC<br><br>**AMENDED PETITION APPOINTING GUARDIAN AD LITEM AND APPROVING MINORS' COMPROMISE AND ORDER**<br><br>No hearing date set<br><br>Honorable Lawrence K. Karlton<br>United States District Judge |

# EXHIBIT A

Amended Petition to appoint guardian ad litem and approve minors' compromise
DUENEZ, et al. v. CITY OF MANTECA, et al.

1

## ADDENDUM

**1.      PAYMENTS**

1.1      In consideration of the Releases and Agreement set forth above, DEFENDANTS agree to pay PLAINTIFFS a cash sum and future periodic payments, under the terms and conditions set forth below, having a total present value of Two Million Two Hundred Thousand Dollars ($2,200,000), to include as follows:

1.2      Deposit the sum of Thirty Thousand Dollars and No Cents ($30,000.00) into a blocked account for the benefit of D. D.;

1.3      Make periodic payments having a total present value of Five Hundred Ninety-five Thousand One Hundred Seventy-five Dollars and Fifty-seven Cents ($595,175.57) according to the following schedule (the "Periodic Payments"):

(1)    **Payee: Whitney Duenez for the benefit of D. D.**

(a) Commencing 2014, the sum of Seven Hundred Fifty Dollars and No Cents ($750) per year, payable until 2021 (8 Guaranteed Annual Payments).

(b) Commencing 2022, the sum of One Thousand Five Hundred Dollars and No Cents ($1,500) per year, payable until 2027 (6 Guaranteed Annual Payments).

**Payee: D. D.            D.O.B.: 2010**

(a) Commencing 2028, the sum of Fifty Thousand Dollars and No Cents ($50,000) per year, payable until 2031 (4 Guaranteed Annual Payments).

(b) Commencing 2032, the sum of One Thousand Four Hundred

___

        Dollars and No Cents ($1,400) per month, increasing at 3.5% per annum, payable for life, with the first 20 years guaranteed (240 Guaranteed Annual Payments).

(c) On 2035, a guaranteed lump sum payment of Fifty Thousand Dollars ($50,000.00);

(d) On 2040, a guaranteed lump sum payment of Seventy-five Thousand Dollars ($75,000.00);

(e) On 2045, a guaranteed lump sum payment of One Hundred Thousand Dollars ($100,000.00);

(f) On 2050, a guaranteed lump sum payment of One Hundred Fifty Thousand Nine Dollars and Twenty-Seven Cents ($150,009.27).

## 2. **INTENTION OF THE PARTIES**

2.1  It is the intention of the parties hereto that all sums set forth above in paragraph 1 represent compensation, other than punitive damages, on account of personal injuries or sickness within the meaning of section 104(a)(2) of the Internal Revenue Code of 1986 as amended, in a case involving physical injury or physical sickness within the meaning of section 130(c) of the Internal Revenue Code of 1986 as amended.

## 3. **PAYEE'S RIGHTS TO PAYMENTS**

3.1  Plaintiff acknowledges that none of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be:

    i.  Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

___

    ii.  Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection.

  3.2  No Plaintiff or Successor Payee shall have the power to affect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void, invalid and unenforceable. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

**4.**  **CONSENT TO QUALIFIED ASSIGNMENT**

  4.1  PLAINTIFF acknowledges and agrees that DEFENDANTS may make a "qualified assignment," within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of DEFENDANTS' liability to make the Periodic Payments set forth above in Section 1.3 to BHG STRUCTURED SETTLEMENTS INC. (the "Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of DEFENDANTS (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

  4.2  Any such assignment, if made, shall be accepted by the PLAINTIFF without right of rejection, and shall completely release and discharge DEFENDANTS from the Periodic

___

Payments obligation assigned to the Assignee. The PLAINTIFF recognizes that, in the event of such assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of DEFENDANTS shall thereupon become final, irrevocable, absolute and non-contingent.

## 5. RIGHT TO PURCHASE AN ANNUITY

5.1 DEFENDANTS, themselves, or through its Assignee, reserve the right to fund the liability to make the Periodic Payments set forth above in Section 1.3 through the purchase of (an) annuity policy/policies from BERKSHIRE HATHAWAY LIFE INSURANCE COMPANY OF NEBRASKA ("Annuity Issuer"). DEFENDANTS or the Assignee shall be the sole owner of the annuity policies and shall have all rights of ownership. DEFENDANTS or the Assignee may have the Annuity Issuer mail payments directly to the persons or entities entitled to the above-described Periodic Payments. Such persons or entities shall be responsible for maintaining a current mailing address with the Annuity Issuer.

## 6. PAYEE'S BENEFICIARY

6.1 Any payments to be made after the death of any Payee pursuant to the terms of this Settlement Agreement shall be made to such person or entity as shall be designated in writing by Plaintiff or payee, **upon reaching age of majority,** to the DEFENDANTS' Assignee. If no person or entity is so designated by Plaintiff or payee, or if the person or entity so designated is not living or in existence at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation or any revocation thereof, shall be effective unless it is in writing and delivered to the Insurer's Assignee. The designation must be in a form acceptable to the Insurer's Assignee before such payments are made.

## 7. DISCHARGE OF OBLIGATION

___

7.1     The obligation of DEFENDANTS, or the Assignee, to make each Periodic Payment shall be discharged upon the mailing of a valid check, an electronic deposit, or a wire transfer in the amount of such payment to the designated address or designated bank of the persons or entities entitled to the above-described Periodic Payments.  All periodic payments will be made in United States currency and mailed to an address in the United States.  However, if a check is lost or otherwise not received, the Annuity Issuer, upon notification of said check being lost, or not received, shall promptly reissue said check, subject to verification by "Stop Payment" that the Payee has not negotiated said check.

**8.     ADDITIONAL DOCUMENTATION**

8.1     PLAINTIFF and PLAINTIFF'S attorney agree to timely provide all of the documentation the Annuity Issuers require in order for the Annuity Issuers to commence the Periodic Payments as scheduled and to issue the annuity contracts.  Such required documentation may include, but is not limited to, acceptable documentation of proof of birth, copies of social security cards, papers of appointment of guardianship or conservatorship, and/or court approval of the settlement when a PLAINTIFF or a Payee is a minor or otherwise legally incompetent. accordance with this agreement and will present same for approval by the Court.

**9.     SIGNATURES**

9.1     IN WITNESS WHEREOF, each of the parties has caused this Agreement to be executed on the date shown.


Dated:                                                      _____
                                                            PLAINTIFF Whitney Duenez

_____

                                                                          _____

PLAINTIFF Whitney Duenez as guardian ad litem for Plaintiff D.D.

**Approved as to Form and Content:**

Dated:                                                     THE LAW OFFICES OF JOHN L. BURRIS

                                                       By_____
                                                          BEN NISENBAUM, ESQ.
                                                          Attorneys for Plaintiff,