UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY DUENEZ, individually and as successor-in-interest for Decedent ERNESTO DUENEZ, JR.; D.D., a minor, by and through his guardian ad litem, WHITNEY DUENEZ; ROSEMARY DUENEZ, individually; and ERNESTO DUENEZ, SR., individually,<br><br>      Plaintiffs,<br><br>  v.<br><br>CITY OF MANTECA, a municipal corporation; DAVID BRICKER, in his capacity as Chief of Police for the CITY OF MANTECA; (FNU) AGUILAR, individually and in his official capacity as a police officer for the CITY OF MANTECA; and DOES 1-100, inclusive,<br><br>      Defendants. | No.   CIV. S-11-1820 LKK/KJN<br><br>**ORDER** |

Plaintiffs have filed an un-opposed Amended Petition Appointing Guardian Ad Litem and Approving Minors' Compromise. (ECF No. 196).

////

1

**1.   Guardian ad Litem.**

The Petition requests that Whitney Duenez, the natural mother of minor plaintiff D.D., be appointed to be plaintiff D.D.'s guardian ad litem. See Fed. R. Civ. P. 17(c)(1) (minor may sue by a guardian ad litem, and the guardian should appointed by the court); Davis v. Walker, ___ F.3d ___, 2014 WL 1152820 (9th Cir. 2014) (discussing the court's duty to appoint a guardian ad litem). The court finds that Whitney Duenez is an appropriate guardian ad litem for her son, and will grant the petition.

**2.   Minor's Compromise.**

The Petition further requests that the court approve a net settlement to the minor, D.D., of $625,175.57. The petition to approve the minor's compromise is governed by E.D. Cal. R. 202(b)(2), which requires the court to determine the fairness of the compromise to the minor. This court has a duty to protect the interests of minors participating in litigation before the court. Salmeron v. U.S., 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011) (internal quotations omitted). The court's inquiry focuses solely on an evaluation of "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1182.

The petition asserts that the settlement is fair and reasonable and in the best interests of the minor. The court is

familiar with the facts of this case, the minor's claims, and other recoveries in similar cases in this geographical area,[1] and determines that the compromise is fair to the minor, D.D.

Accordingly, this matter having come on for hearing on April 7, 2014, and no party having voiced any opposition to the motion, the court orders as follows:

1. The amended petition to appoint Whitney Duenez as guardian ad litem for the minor, D.D., is **GRANTED**; and

2. The amended petition to approve the minor's compromise is **GRANTED**.

IT IS SO ORDERED.

DATED:  April 7, 2014.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] See, e.g., Hagan v. California Forensic Medical Group, 2013 WL 461501 at *1 (E.D. Cal.) (Drozd, M.J.) (collecting cases), adopted, 2013 WL 552386 (E.D. Cal. 2013).

3